```
JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625-0112
Attorney for the Defendants,
     The Atlantic County Prosecutors Office and
     Janet Gravitz

By:  Brian P. Wilson
     Deputy Attorney General
     (609) 777-3410
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

| | |
|---|---|
| CARLOS E. LOPEZ-SIGUENZA,<br><br>　　　Plaintiff,<br>v.<br><br>MARK E. RODDY, ESQUIRE, THE ATLANTIC CITY POLICE DEPARTMENT, THE ATLANTIC COUNTY PROSECUTORS OFFICE, JANET GRAVITZ, DETECTIVE JOHN IMFELD, DETECTIVE JAMES HIPPLE, JOHN DOES 1-50, JANE DOES 1-50, AND JOHN DOE CORPORATIONS 1-50,<br><br>　　　Defendants. | Civil Action No. 13-2005 (JBS-JS)<br><br><u>Civil Action</u><br><br>JOINT PROPOSED DISCOVERY PLAN |

1.  Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    Benjamin Folkman, Esquire
    Folkman Law Offices, P.C.
    1949 Berlin Road, Suite 100
    Cherry Hill, New Jersey 08003

```
Tel: (856) 354-9444
Fax: (856) 354-9776
Email: benfolkman@folkmanlaw.com
Attorneys for Plaintiff, Carlos E. Lopez-Siguenza

James A. Barry, Esquire
Locks Law Firm, L.L.C.
457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08003
Tel: (856) 663-8200
Fax: (856) 661-8400
Email: jbarry@lockslaw.com
Attorneys for Plaintiff, Carlos E. Lopez-Siguenza

Michael A. Galpern, Esquire
Locks Law Firm, L.L.C.
457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08003
Tel: (856)  663-8200
Fax:  (856) 661-8400
Email: mgalpern@lockslaw.com
Attorneys for Plaintiff, Carlos E. Lopez-Siguenza

Brian P. Wilson, Deputy Attorney General
Office of the Attorney General
Hughes Justice Complex
25 Market Street
2$^{nd}$ Floor, West Wing
P. O. Box 112
Trenton, New Jersey 08625-0112
Tel: (609) 777-3410
Fax: (609) 943-4853
Attorney for Defendants, The Atlantic County Prosecutors
Office and Janet Gravitz

Tracy L. Riley, Esquire
Law Offices of Riley & Riley
100 High Street, Suite 302
Mount Holly, New Jersey 08060
Tel: (609) 914-0300
Fax: (609) 914-0323
Email: rileyandrileylaw@yahoo.com
Attorney for Defendants, The Atlantic City Police
Department, Detective John Imfeld, and Detective James
Hipple
```

       Mark E. Roddy, Esquire
       1021 S. Main
       Pleasantville, New Jersey 08232
       Tel: (609) 677-4995
       Fax: (609) 360-0327
       Defendant

2.   Set forth a brief description of the case, including the causes of action and defenses asserted:

    Plaintiff alleges that Defendants failed to properly investigate Plaintiff's alleged sexual intercourse with a minor. Specifically, Plaintiff alleges that the alleged victim's birth certificate was a fake and that he should not have been arrested or prosecuted. Plaintiff brings 42 U.S.C. § 1983 and New Jersey Civil Rights Act ("NJCRA") claims against the State and County defendants. Additionally, he brings claims of legal malpractice and breach of contract against his former defense counsel Mark Roddy, Esq.

    The State Defendants argue that Plaintiff's lawsuit is barred by the doctrines of sovereign, absolute prosecutorial and qualified immunity. They also argue that Plaintiff fails to state a claim upon which relief can be granted and that they are not persons amenable to suit pursuant to § 1983 or the NJCRA.

3.   Have settlement discussions taken place?  Yes _____  No __X__

   (a)  What was Plaintiff's last demand?

       (1)  Monetary demand: $_____

       (2)  Non-monetary demand: $_____

   (b)  What was Defendants' last offer?

       (1)  Monetary offer: $_____

       (2)  Non-monetary offer: $_____

4.     The parties [ have _____ have not __X__ ] met pursuant to Fed. R. Civ. P. 26(f).

5.     The parties [ have _____ have not __X__ ]exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.

       Plaintiff has submitted his R. 26 disclosures, Defendants intend to submit their Fed. R. Civ. P. 26(a)(1) disclosure statement by **December 2, 2013.**

6.  Explain any problem in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

    None anticipated.

7.  The parties [ have _____ have not __X__ ] conducted discovery other than the above disclosures. If so, describe.

8.  Proposed Joint Discovery Plan:

    (a) Discovery is needed on the following subjects:

    Interrogatories
    Requests for the Production of Documents
    Requests for Admissions
    Deposition of all parties, fact witnesses and Fed.
    Expert Discovery

    (b) Discovery [ should _____ should not __x__ ] be conducted in phases or be limited to particular issues. Explain.

    (c) Proposed schedule:

    (1) Fed. R. Civ. P. 26 Disclosures by **December 2, 2013.**

    (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) **January 5, 2013.**

    (3) Service of initial written discovery by **February, 4, 2014.**

    (4) Maximum of **25** Interrogatories by each party to each other party.

    (5) Maximum of **10** depositions to be taken by each party.

    (6) Motions to amend or to add parties to be filed by **March 4, 2014.**

    (7) Factual discovery to be completed by **July 4, 2014.**

      (8) Plaintiff's expert report due on **September 4, 2014.**

      (9) Defendant's expert report due on **October 3, 2014.**

      (10) Expert depositions to be completed by **December 2, 2014.**

      (11) Dispositive motions to be served within **60** days of completion of discovery.

  (d) Set forth any special discovery mechanism or procedure requested. N/A

  (e) A pretrial conference may take place on <u>a date to be determined by the Court</u>.

  (f) Trial date: <u>To be determined by the Court.</u>

        ( _X_ ) Jury Trial
        ( ___ ) Non-Jury Trial

9. Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes _X_ No ___

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes ___ No _X_

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L. Civ. R. 5.3(b) and Appendix S. Yes _X_ No

12. Do you anticipate any discovery problem(s) not listed above? Describe. Yes ___ No _X_

6

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    Given the claims asserted, voluntary arbitration or mediation may be appropriate upon the completion of discovery and the Court's ruling on any dispositive motions filed.

14. Is this case appropriate for bifurcation? Yes _____ No __X__

15. An interim/settlement conference (with clients in attendance) should be held on a date to be determined by the Court.

16. We [do _____ do not __X__] consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

    None other than the entry of a Discovery Confidentiality Order pursuant to L. Civ. R. 5.3(b) and in accordance with Appendix S.


    Benjamin Folkman, Esq.            James A. Barry
    Attorney for Plaintiff            Attorney for Plaintiff
    Carlos E. Lopez-Siguenza          Carlos E. Lopez-Siguenza


By: s/ Benjamin Folkman           By: s/ James A. Barry
    BENJAMIN FOLKMAN                  JAMES A. BARRY

Dated:   November 13, 2013        Dated:   November 13, 2013

| | |
|---|---|
| Michael A. Galpern, Esq.<br>Attorney for Plaintiff<br>Carlos E. Lopez-Siguenza | Brian P. Wilson, DAG<br>Attorney for Defendants<br>The Atlantic County Prosecutors Office and Janet Gravitz |
| By:  s/ Michael A. Galpern<br>      MICHAEL A. GALPERN | By:  s/ Brian P. Wilson<br>      BRIAN P. WILSON |
| Dated:   November 13, 2013 | Dated:   November 13, 2013 |
| Tracy L. Riley, Esq.<br>Attorney for Defendants<br>The Atlantic City Police Department, Detective John Imfeld And Detective James Hipple | Mark E. Roddy, Esq.<br>Defendant |
| By:  s/ Tracy L. Riley<br>      TRACY L. RILEY | By:  s/ Mark E. Roddy<br>      MARK E. RODDY |
| Dated:   November 13, 2013 | Dated:   November 13, 2013 |