```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CARLOS E. LOPEZ-SIGUENZA a/k/a CARLOS E. LOPEZ-SIQUENZA, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 13-2005 (JBS/JS) |
| v. | |
| MARK E. RODDY, ESQUIRE, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Benjamin Folkman, Esq.
Folkman Law Offices, P.C.
1949 Berlin Road, Suite 100
Cherry Hill, NJ 08003
     -and-
James A. Barry, Esq.
Michael A. Galpern, Esq.
Locks Law Firm LLC
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08003
     Attorneys for Plaintiff Carlos E. Lopez-Siguenza

Jennifer L. Gottschalk, Esq.
Law Offices of Richard Sparaco
1920 Fairfax Avenue
Cherry Hill, NJ 08003
     Attorney for Defendant Mark E. Roddy, Esquire

**SIMANDLE**, Chief Judge:

**I. INTRODUCTION**

After pleading guilty, serving a term of imprisonment and being deported due to this conviction for sexual assault upon a minor, Plaintiff Carolos E. Lopez-Siguenza hired a lawyer who discovered that a purported birth certificate reflecting the

victim's age as a minor was false and fraudulent, and that the victim was actually older than the age of consent. Among others, Plaintiff sued his former criminal defense lawyer alleging malpractice, breach of fiduciary duty, and breach of contract.

This matter comes before the Court upon a motion to dismiss by Defendant Mark E. Roddy, Esquire ("Roddy") [Docket Item 49] and Plaintiff's cross-motion to amend [Docket Item 53.]

Because Defendant Roddy addresses Plaintiff's cross-motion to amend in his reply brief, and in the interest of efficiency, the Court will consider the merits of both motions. The Court exercises its discretion to decide these motions without oral argument pursuant to L. Civ. R. 78.1. For the reasons discussed below, the Court will deny Plaintiff's cross-motion to amend and grant Defendant Roddy's motion to dismiss Plaintiff's claims for legal malpractice, breach of fiduciary duty, and breach of contract. Plaintiff is granted leave to file a Second Amended Complaint for legal malpractice, as explained below.

**II. BACKGROUND**

  **A. Factual Background**

Plaintiff, Carlos E. Lopez-Siguenza, brought this action after his conviction for Sexual Assault of a Minor was vacated, but not before serving a three year prison term and being deported to El Salvador.

The facts set forth here are those alleged in Plaintiff's Complaint which the Court must accept as true for the purposes of the instant motion. Plaintiff is a native of El Salvador, who at all relevant times, was residing in Northfield, New Jersey as a Legal Permanent Resident. (Pl. Compl. [Docket Item 1] ¶¶ 1-2.) On January 24, 2003, Melissa Aguilar Cruz ("Cruz") reported to the police and/or her social worker that she had sexual intercourse with Plaintiff at various times in 2002. (Id. ¶ 10.) Cruz and/or her guardians gave the police a handwritten Honduran birth certificate for an individual named "Melissa Gabriela Aguilar Guerrero," which contained a Spanish language inscription for the date of birth, translated to English as March 3, 1987. (Id. ¶ 11.) The birth certificate contained a National Identification Number of "1501870076600." (Id.) The police relied on this birth certificate and assumed that Cruz was 14 years old and Plaintiff was 21 years old at the time they engaged in sexual intercourse. (Id. ¶ 12.) On March 12, 2003, Plaintiff was arrested by Detectives John Imfeld ("Imfeld") and James Hipple ("Hipple") and charged with two counts of Aggravated Sexual Assault, two counts of Child Abuse, and two counts of Endangering Child Welfare. (Id. ¶ 13.) On July 8, 2003, Mark E. Roddy, Esquire, acting as Plaintiff's defense attorney, requested from the prosecutors a "certified and/or

3

notarized copy of the alleged victim's birth certificate," but no such document was provided. (Id. ¶ 14.)

Plaintiff was indicted on one count of second degree Sexual Assault, one count of third degree Endangering the Welfare of a Child, and one count of fourth degree Child Abuse. (Id. ¶ 15.) On March 12, 2004, after being advised by Roddy that he had no chance of prevailing at trial, Plaintiff pleaded guilty to one count of second degree Sexual Assault of a Minor and was sentenced to three years in New Jersey State Prison. (Id. ¶ 16.) Plaintiff served his prison term, was detained by Immigration and Customs Enforcement, placed in removal proceedings, and deported to El Salvador. (Id. ¶¶ 17-18.)

After Plaintiff's deportation, his mother hired an attorney, Jorge Coombs, Esquire ("Coombs"), to investigate Plaintiff's immigration case. (Id. ¶ 19.) Coombs noticed a discrepancy between the name Cruz gave police and the name on the birth certificate. (Id. ¶ 20.) Cruz gave her name to police as "Melissa Aguilar Cruz" rather than "Melissa Aguilar Guerrero." On July 28, 2011, Coombs sent a letter to Francisco Quezada ("Quezada"), Consul General of Honduras, in which he requested verification of the birth certificate of "Melissa Gabriela Aguilar Guerrero" with the National Identification Number "1501870076600." (Id. ¶ 21.) Coombs also sent an e-mail to the Honduran Consulate's staff attorney, Jose H. Palacios

4

Guifaro, Esquire ("Guifaro"), requesting guidance on how to decipher the Honduran National Identification Number. (Id. ¶ 21.) On August 2, 2011, Coombs received a letter from Quezada stating that his office could not verify the accuracy of the birth certificate, nor could his office find the name "Melissa Gabriela Aguilar Guerrero" or the National Identification Number "1501870076600." (Id.) On August 2, 2011, Coombs also received a response from Guifaro stating that he found a birth certificate for "Melissa Gabriela Andino Munoz" born on March 3, 1984 with a Honduran National Identification Number of "1501-1984-00766." (Id. ¶ 23.) Coombs learned from the e-mail that numbers five through eight in the identification number correspond to the person's year of birth. (Id.) Coombs then verified that "Melissa Gabriela Andino Munoz" is currently registered as living in southern New Jersey. (Id. ¶ 25.) On July 28, 2011, Coombs spoke with Jose Rivera Sinclair, an ex-boyfriend of Cruz, who stated that Cruz's age was well known in the community. (Id. ¶ 28.) If the birth certificate prosecutors relied on was not authentic, and Cruz was born March 3, 1984, then Cruz was 18 years old in 2002, and not a minor.

Plaintiff subsequently filed for Post-Conviction Relief, which was granted on August 2, 2012. (Id. ¶¶ 29-30.) Prosecutors did not oppose the motion, taking the position that there was probable cause for each count of the indictment, but prosecuting

5

the case would cause wear and tear on the mental and emotional state of Cruz and her family. (Id. ¶ 29.) On August 17, 2012, prosecutors moved for an order to dismiss the indictment against Plaintiff. (Id. ¶ 31.)

**B. Procedural Background**

Plaintiff filed this action on March 28, 2013. Plaintiff's Complaint asserts claims against Roddy for legal malpractice, breach of fiduciary duty, and breach of contract. [Docket Item 1.] Plaintiff's Complaint also asserted violations of 42 U.S.C. § 1983 and the New Jersey Civil Rights Act by Defendants Atlantic City Police Department, Detective John Imfeld, Detective James Hipple, the Atlantic County Prosecutor's Office ("ACPO"), and Assistant County Prosecutor Janet Gravitz. [Docket Item 1.] On June 27, 2013, Defendants ACPO and Assistant Prosecutor Gravitz filed a motion to dismiss, which the Court granted by opinion and order entered March 31, 2014, dismissing all claims against the ACPO and Gravitz with prejudice. [Docket Items 65 & 66.] Defendant Roddy filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Docket Item 49.] Plaintiff filed his brief in opposition and cross-motion to amend. [Docket Item 53.]

Additionally, Defendants Atlantic City Police Department, Detective John Imfeld, and Detective James Hipple (collectively, "County Defendants") filed a motion to dismiss for failure to

6

state a claim. [Docket Item 52.] Plaintiff voluntarily dismissed claims against the County Defendants by stipulation entered July 10, 2014, rendering moot the County Defendants' motion. [Docket Item 72.] Accordingly, this Opinion only addresses Defendant Roddy's motion to dismiss [Docket Item 49] and Plaintiff's cross-motion to amend [Docket Item 53.][1]

## III. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that

---

[1] Although all federal claims have been dismissed and Plaintiff asserts only state law claims against Defendant Roddy, the Court maintains subject-matter jurisdiction over these claims pursuant to 28 U.S.C. § 1332. Plaintiff's Amended Complaint states that the amount in controversy exceeds $75,000 and the suit is "between Plaintiff, a subject of a foreign state, who is lawfully admitted for permanent residence in the United States and who is domiciled in the State of Utah, and the Defendants, who are citizens of the State of New Jersey." [Am. Compl. [Docket Item 53-2.])

tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

If a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." Id. The decision to grant leave to amend a complaint rests within the sound discretion of the trial court. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party; or (b) the amendment would be futile. Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted). In assessing "futility," the court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). Id.

**IV. DISCUSSION**

Defendant Roddy argues that Plaintiff has failed to plead sufficient facts to state a claim for legal malpractice, breach of fiduciary duty, breach of contract, or any violation of

8

Plaintiff's substantive rights under the Fourth and Fourteenth Amendments.[2] The Court will address each claim in turn.

### A. Legal Malpractice

Plaintiff's initial Complaint relies exclusively on the facts set forth above for his claim of legal malpractice against Defendant Roddy. Specifically, Plaintiff alleges that "Roddy, acting as Plaintiff's criminal defense attorney, requested from the Prosecutors a 'certified and/or notarized copy of the alleged victim's birth certificate.' However, same was not provided to Roddy or Plaintiff." (Compl. ¶ 14.) Additionally, Roddy advised Plaintiff "that he stood no chance of winning at trial and the he should plead guilty." (Id. ¶ 16.) Plaintiff then pleaded guilty to one count of second degree Sexual Assault of a Minor and was sentenced as a third degree offender to three years in New Jersey State Prison. (Id.)

Plaintiff's Amended Complaint includes additional allegations against Defendant Roddy that after sending his July 8, 2003 letter, Roddy never "pursued the production of a certified or notarized copy of the alleged victim's birth certificate from the Prosecutors." (Am. Compl. [Docket Item 53-2] ¶ 57.) Further, Roddy allegedly never filed a motion to

---

[2] Plaintiff does not assert a claim against Defendant Roddy for a violation of Plaintiff's substantive rights under the Fourth and Fourteenth Amendments. Plaintiff's § 1983 claims were directed solely at the other defendants.

9

compel to produce a copy of the birth certificate, never made an effort to authenticate the birth certificate, and never contacted any agent or employee of Honduras regarding the alleged victim. (Id. ¶¶ 58-61.) As a result, "Roddy was professionally negligent in his representation of Plaintiff, and failed to exercise that degree of judgment and care exercised by other similarly situated attorneys" and "Roddy breached his ethical and professional duties to Plaintiff." (Id. ¶¶ 62-63.)

In response to Plaintiff's Amended Complaint, Defendant Roddy maintains that Plaintiff has failed to state a claim for legal malpractice. Defendant Roddy argues that Plaintiff has not shown that Roddy's alleged malpractice was the proximate cause of his damages. Otherwise, Defendant Roddy does not address the adequacy of Plaintiff's Amended Complaint, but provides a substantive response to Plaintiff's allegations.[3]

---

[3] In this Rule 12(b)(6) motion, the Court will not address Defendant Roddy's arguments to the extent they address the merits of Plaintiff's claim and not the legal sufficiency of his pleadings. For example, Defendant Roddy notes in reply his "diligent efforts" on Plaintiff's behalf including "plea bargaining the case down from sentencing in the second-degree range to sentencing in the third-degree range, and his successful petition for post-conviction relief resulting in the dismissal of the underlying criminal indictment and plaintiff's exoneration." (Def. Reply [Docket Item 56] at 4-5.) Such arguments are inappropriate at this stage because a motion to dismiss under Rule 12(b)(6) does not attack the merits of a case, but merely tests the legal sufficiency of the pleadings. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

To recover for legal malpractice, a plaintiff must prove (1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff. McGrogan v. Till, 771 A.2d 1187, 1193 (N.J. 2001); Conklin v. Hannoch Weisman, 678 A.2d 1060, 1070 (N.J. 1996). To fulfill his duties, an attorney must exercise "'that degree of reasonable knowledge and skill that lawyers of ordinary ability and skill possess and exercise.'" Gilles v. Wiley, Malehorn & Sirota, 783 A.2d 756, 760 (N.J. Super. Ct. App. Div. 2001) (quoting St. Pius X House of Retreats, Salvatorian Fathers v. Diocese of Camden, 443 A.2d 1052, 1060-61 (N.J. 1982)).

Plaintiff notes that a "detailed pleading is not required, nor is a plaintiff required to *establish* anything; rather the party need only plead enough facts to state a plausible claim." Call v. Czaplicki, Civ. 09-6561 (RBK/AMD), 2010 WL 3001395, at *6 (D.N.J. July 28, 2010). In Call, the court found that defendants' challenge was "perfunctory at best and not based on a critical reading" of plaintiffs' amended complaint because "[e]ach of the essential elements of a plausible claim for legal malpractice are set out" in plaintiffs' complaint. Id.

In the present case, Plaintiff's Complaint and Amended Complaint fail to sufficiently plead proximate causation of

11

damages. Plaintiff's Amended Complaint adequately states the existence of an attorney-client relationship (Am. Compl. ¶¶ 15, 62, 63) and a breach of the duty owed to Plaintiff through Roddy's failure to follow-up on requests for a verified birth certificate of the alleged victim, failure to file a motion to compel, and failure to otherwise verify the alleged victim's age (Id. ¶¶ 56-63.) However, Plaintiff's Amended Complaint contains only a terse legal conclusion relevant to causation or injury to Plaintiff as the result of Roddy's alleged breach: "As a result of the foregoing, Plaintiff was damaged." (Id. ¶ 64.) Such a bare conclusion fails to state how Plaintiff was harmed as a result of Roddy's allegedly substandard representation and is insufficient to establish the proximate causation element required to state a claim for legal malpractice.[4]

The requirement of pleading a plausible basis for the causation element of malpractice by a criminal defense attorney is especially acute in the present circumstances. According to the Complaint and the Amended Complaint, the evidence of the alleged victim's age was provided by the victim and her family and included a forged or fraudulent Honduran birth certificate. That document was then supplied by the prosecutor to Roddy in

---

[4] The present action is also distinguishable from Wiatt v. Winston & Strawn LLP, where the court recounted extensive factual allegations in plaintiffs' amended complaint regarding causation. 838 F. Supp. 2d 296, 309-12 (D.N.J. 2012).

12

the discovery phase of the prosecution. Moreover, the pleadings do not allege that Roddy committed malpractice in advising Plaintiff to enter a plea of guilty to the single charge, but it is Plaintiff's conviction upon the plea of guilty that led to his incarceration and deportation. Also, the pleadings do not allege that Plaintiff told Roddy that the victim was actually over 16 years old, so Roddy is not alleged to have neglected evidence provided by Plaintiff about the victim's age. Given the Complaint's recitation of multiple direct causes of conviction, beginning with fabrication of evidence by the victim and/or her family and the prosecutor's reliance upon such evidence, the Complaint's lack of grounds for causation attributable to attorney Roddy's actionable conduct needs to be remedied if this count is to state a claim. Therefore, the Court will grant Defendant Roddy's motion to dismiss as to Plaintiff's legal malpractice claim. The dismissal of this malpractice claim will be without prejudice because it is likely that Plaintiff can amend his pleading to allege the manner in which Roddy's breach of duty proximately caused damage as required by New Jersey law.

### B. Breach of Fiduciary Duty

Plaintiff's Complaint and Amended Complaint rely on identical allegations as a basis for his claim for breach of fiduciary duty against Defendant Roddy. Plaintiff alleges that "[a]s a result of the attorney/client relationship between

Plaintiff and Roddy, there existed a fiduciary duty" and "[a]s a direct and proximate result of the foregoing, Roddy has breached his fiduciary duty, as a result of which Plaintiff has been damaged." (Id. ¶¶ 66-67.)

Defendant Roddy argues that Plaintiff's pleadings are insufficient to state a claim for breach of fiduciary duty because Plaintiff has not alleged what acts or omissions by Roddy amounted to a breach of fiduciary duty.

The law of fiduciary duty as it relates to attorneys is not well-differentiated from legal malpractice under New Jersey law. See Packard-Bamberger & Co., Inc. v. Collier, 771 A.2d 1194, 1203 (N.J. 2001). However, it is clear that "an attorney who intentionally violates the duty of loyalty owed to a client commits a more egregious offense than one who negligently breaches the duty of care." Id. Further, the Third Circuit has opined that under New Jersey law a cause of action for breach of fiduciary duty requires "the suffering of a loss or damages." Kanter ex rel. Estate of Schwartz v. Equitable Life Assur. Soc. of U.S., 363 Fed. App'x 862, 866 (3d Cir. 2010). The Court of Appeals emphasized the word "harm" in the Restatement's version of a claim for breach of fiduciary duty. Id. (citing In re Estate of Lash, 776 A.2d 765, 769 (N.J. 2001), which cited Restatement (Second) of Torts § 874 ("One standing in a fiduciary relation with another is subject to liability to the

14

other for harm resulting from a breach of duty imposed by the relation.")) <u>Kanter</u> appears to require a showing of actual damages proximately cause by the breach of fiduciary duty. Thus, to state a claim for breach of fiduciary duty, Plaintiff must allege that Roddy's conduct was a proximate cause of harm to Plaintiff.

    Plaintiff has failed to plead misconduct by Roddy as a fiduciary beyond the negligent acts encompassed by Plaintiff's legal malpractice claim. Plaintiff contends that Roddy's failure to follow up on his requests for a verified birth certificate or otherwise verify the alleged victim's age supports a plausible claim for breach of fiduciary duty. However, as Defendant Roddy notes, neither Plaintiff's Complaint nor Amended Complaint identify with any specificity what acts or omissions by Roddy constitute a breach of a fiduciary duty to Plaintiff. If Plaintiff contends that Defendant Roddy's failure to follow-up on requests for a verified birth certificate of the alleged victim or otherwise verify the alleged victim's age constitutes a breach of fiduciary duty, Plaintiff's breach of fiduciary duty claim is merely duplicative of, and no more egregious than, his legal malpractice claim. Plaintiff must plead misconduct by Roddy as a fiduciary, e.g., dishonesty, self-dealing, or breach of loyalty, beyond a breach of a duty of care. Otherwise, attorneys would be liable as fiduciaries for conduct that is no

15

more than negligence. Moreover, as noted above, Plaintiff has failed to state with specificity any harm to Plaintiff proximately caused by Roddy's representation. Even viewed most favorably to Plaintiff, his Complaint and Amended Complaint contain no factual allegations related to causation or damages beyond mere conclusory statements. Therefore, the Court will grant Defendant Roddy's motion to dismiss as to Plaintiff's claim for breach of fiduciary duty with prejudice.[5]

### C. Breach of Contract

Like Plaintiff's breach of fiduciary duty claim, Plaintiff's Complaint and Amended Complaint rely on identical allegations as a basis for his claim for breach of contract against Defendant Roddy. Plaintiff alleges that "[a]s a direct and proximate result of the foregoing, Roddy has breached his contract with Plaintiff, as a result of which Plaintiff has been damaged." (Id. ¶ 69.)

Defendant Roddy concedes that he and Plaintiff had a valid contract, but argues that Plaintiff's pleadings are insufficient

---

[5] The Court's conclusion is not based on Defendant Roddy's assertion that Plaintiff suffered no harm at all through citation to attached exhibits showing that "defendant's representation of plaintiff [in post-conviction relief proceedings] resulted in the granting of the Petition, vacating plaintiff's conviction, and ultimate dismissal of the indictment against plaintiff." (Def. Br. [Docket Item 49-1] at 8.) Such arguments attack the merits of Plaintiff's claim and are inappropriate at this stage. The Court's conclusion is based on the absence of any factual allegations related to causation and harm to Plaintiff.

because Plaintiff has not alleged what acts or omissions constitute a breach. Plaintiff responds by citing the same allegations as relied on above, namely, that Roddy failed to follow up on his requests for a verified birth certificate or otherwise verify the alleged victim's age.

Under New Jersey law, a breach of contract claim requires three elements: (1) the existence of a valid contract; (2) a breach of that contract; and (3) resulting damage to the plaintiff. Ramada Worldwide, Inc. v. Kim, Civ. 09-4534, 2010 WL 2879611, at *3 (D.N.J. July 15, 2010) (citing AT & T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1999)).

The allegations in Plaintiff's initial Complaint and Amended Complaint are insufficient to state a claim for breach of contract. First, although Defendant Roddy concedes the existence of a contract with Plaintiff, Plaintiff's Amended Complaint only states that Roddy "act[ed] as Plaintiff's criminal defense attorney." (Am. Compl. ¶ 15.) Plaintiff has not alleged the existence of a contract with particularized provisions that were breached. Second, Plaintiff has not identified conduct that would constitute a breach of any contract between him and Roddy. The Court is left to assume that Roddy's alleged failure to follow up on his request for a verified birth certificate or otherwise verify the alleged

17

victim's age constitutes a breach, but Plaintiff has failed to make this clear. Finally, as discussed above, Plaintiff has identified no harm resulting from Roddy's allegedly deficient representation beyond a mere legal conclusion.[6] If the breach of contract between lawyer and client is based upon some specific promise made in that contract, the Complaint fails to supply that ground. To permit a generalized claim for breach of contract to proceed, when the breach is apparently based solely upon the attorney's malpractice, would also be duplicative of the malpractice claim. Therefore, the Court will grant Defendant Roddy's motion to dismiss Plaintiff's claim for breach of contract with prejudice.

**V. CONCLUSION**

For the foregoing reasons, the Court will deny Plaintiff's cross-motion to amend and grant Defendant Roddy's motion to dismiss. The Court will dismiss Plaintiff's malpractice claim without prejudice, but dismiss Plaintiff's claims for breach of fiduciary duty and breach of contract with prejudice because amendment of these claims would be futile. Plaintiff is granted leave to file a Second Amended Complaint containing a legal malpractice claim consistent with this Opinion within twenty-one

---

[6] Again, the Court notes that its conclusion is not based on Defendant Roddy's contention that exhibits attached to his moving papers substantively refute Plaintiff's allegations regarding Roddy's failure to obtain relevant documents or provide adequate representation.

(21) days of the entry of the accompanying Order. An accompanying order will be entered.


**September 30, 2014**　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　　Chief U.S. District Judge