```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CARLOS E. LOPEZ-SIGUENZA a/k/a CARLOS E. LOPEZ-SIQUENZA, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 13-2005 (JBS/JS) |
| v. | |
| MARK E. RODDY, ESQUIRE, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Benjamin Folkman, Esq.
Folkman Law Offices, P.C.
1949 Berlin Road, Suite 100
Cherry Hill, NJ 08003
    -and-
James A. Barry, Esq.
Michael A. Galpern, Esq.
Locks Law Firm LLC
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08003
    Attorneys for Plaintiff Carlos E. Lopez-Siguenza

Jennifer L. Gottschalk, Esq.
Law Offices of Richard Sparaco
1920 Fairfax Avenue
Cherry Hill, NJ 08003
    Attorney for Defendant Mark E. Roddy, Esquire

**SIMANDLE**, Chief Judge:

**I. INTRODUCTION**

After pleading guilty, serving a term of imprisonment, and being deported due to this conviction for sexual assault upon a minor, Plaintiff Carolos E. Lopez-Siguenza hired a lawyer who discovered that a purported birth certificate reflecting the

victim's age as a minor was false and fraudulent, and that the victim was actually older than the age of consent. Plaintiff sued his former criminal defense lawyer alleging malpractice. This matter comes before the Court upon a motion for summary judgment [Docket Item 99] and a motion to seal the supporting documents accompanying his motion by Defendant Mark E. Roddy. [Docket Item 98.] For the reasons discussed below, the Court will deny both of Defendant's motions.

## II. BACKGROUND

### A. Factual Background[1]

Plaintiff Carlos Lopez-Siguenza is a native of El Salvador, who at all relevant times was residing lawfully in New Jersey as a Legal Permanent Resident. (Plaintiff's Counterstatement of Material Facts ("CSMF") ¶ 1; Pl. CSMF Ex. C ¶ 5.) On January 24, 2003, Melissa Aguilar Cruz ("Cruz") reported to the police and/or her social worker that she was a minor who had sexual intercourse with Plaintiff at various times in 2002. (Second Am. Compl. ¶ 6.) Plaintiff was arrested and charged in March 2003 with two counts of aggravated sexual assault, two counts of

---

[1] The Court distills this undisputed version of events from the parties' statements of material facts, affidavits, and exhibits, and recounts them in the manner most favorable to Plaintiff, as the party opposing summary judgment. Neither party has provided the Court with copies, in whole or excerpted, of Defendant's deposition testimony or Melissa Cruz's deposition testimony cited throughout both Statements of Material Facts.

child abuse, and two counts of endangering child welfare. (Pl. CSMF ¶ 2; Defendant's Statement of Material Facts ("SMF") Ex. 1.) According to the indictment from the Atlantic County Grand Jury, Plaintiff had engaged in sexual penetration with Ms. Cruz, who was born on March 3, 1987, when she was at least 13 but less than 16 years old and when Plaintiff was either 21 or 22 years old. (Def. SMF Ex. 1.) Plaintiff retained Defendant Mark E. Roddy to represent him in defense of the indictment. (Pl. CSMF ¶ 3.) Plaintiff advised Defendant that he believed that Ms. Cruz had reached the age of consent prior to the sexual contact and that her age was "well-known in the community." (Id.; Def. SMF ¶ 5.)

The alleged victim's age was the decisive issue, since the happening of consensual sexual relations was not disputed. To resolve the issue of Ms. Cruz's age, Defendant requested from prosecutors a "certified and/or notarized copy of the alleged victim's birth certificate." (Def. SMF Ex. 2.) In response, Defendant received a purported birth certificate from Assistant Prosecutor Gravitz, which she indicated had been provided by Ms. Cruz's family. (Def. SMF Ex. 3.) The birth certificate was not notarized or certified, it was handwritten in Spanish, and it purported to originate in Honduras. (Id.) It was for an individual named "Melissa Gabriela Aguilar Guerrero" and contained a Spanish language inscription for the date of birth,

3

which translates to English as March 3, 1987. (Id.) The birth certificate contained a National Identification Number of "1501870076600." (Id.) If authentic, the document would show that the person named therein had not attained the age of consent of 16 years (N.J.S.A. 2C:14-2) at the time of the crimes alleged.

   On March 12, 2004, after being advised by Defendant that he had no chance of prevailing at trial, Plaintiff pleaded guilty to one count of second degree sexual assault of a minor and was sentenced to three years in New Jersey State Prison. (Pl. CSMF ¶¶ 9-11.) Plaintiff served his prison term, was detained by Immigration and Customs Enforcement, placed in removal proceedings, and deported to El Salvador. (Id.)

   Sometime in 2011, Plaintiff re-entered the United States and was arrested in Utah for entering the country illegally. (Def. SMF ¶ 17.) Plaintiff's mother hired another attorney, Jorge Coombs, Esquire, to investigate Plaintiff's immigration case and 2004 criminal conviction. (Id.; Pl. CSMF ¶ 12.) Mr. Coombs noticed a discrepancy between the name Ms. Cruz had given to police and the name on her birth certificate. (Pl. CSMF Ex. C. ¶ 8, 10.) On July 28, 2011, Mr. Coombs sent a letter to the General Consul of Honduras requesting verification of Ms. Cruz's birth certificate and guidance on how to decipher the National Identification Number. (Id. ¶ 14.) Within a week, Mr. Coombs

received a response which indicated that the purported birth certificate could not be verified, that the name "Melissa Gabriela Aguilar Guerrero" did not exist in the Honduran National Register, and that the National Identification Number on the birth certificate was not in the proper format. (Id. ¶¶ 16-18.) Instead, the General Consul's staff attorney located a birth certificate for a "Melissa Gabriela Andino Munoz" born on March 3, 1984, who was listed as living in southern New Jersey ("the 1984 Coombs birth certificate"). (Id. ¶ 18; Def. SMF Ex. 8.)

On December 6, 2011, Defendant, on behalf of Plaintiff, filed a motion for post-conviction relief bringing the 1984 Coombs birth certificate to the court's attention. (Def. SMF ¶¶ 19-20; Def. SMF Ex. 9; Pl. CSMF ¶ 15.) The Prosecutor's Office opposed Plaintiff's motion and provided a third purported birth certificate for Ms. Cruz, again showing her date of birth as March 3, 1987. (Def. SMF ¶ 22; Def. SMF Ex. 10.) On August 3, 2012, the trial court granted Plaintiff's motion and vacated the conviction, finding that Ms. Cruz and/or her family had perpetrated a fraud on the Prosecutor's Office, the Court, and Plaintiff. (Def. SMF Ex. 11; Pl. CSMF ¶ 16.) The Prosecutor's Office agreed to dismiss the indictment against Plaintiff. (Def. SMF Ex. 12; Pl. CSMF ¶ 17.)

**B. Procedural Background**

Plaintiff filed this action on March 28, 2013. Plaintiff's Complaint asserted claims against Defendant for legal malpractice, breach of fiduciary duty, and breach of contract. [Docket Item 1.] Plaintiff's Complaint also asserted violations of 42 U.S.C. § 1983 and the New Jersey Civil Rights Act by Defendants Atlantic City Police Department, Detective John Imfeld, Detective James Hipple, the Atlantic County Prosecutor's Office ("ACPO"), and Assistant County Prosecutor Janet Gravitz. [Id.] Defendants ACPO and Assistant Prosecutor Gravitz filed a motion to dismiss, which the Court granted by opinion and order, dismissing all claims against the ACPO and Gravitz with prejudice. [Docket Items 65 & 66.] Defendants Atlantic City Police Department, Detective John Imfeld, and Detective James Hipple filed a motion to dismiss, which was dismissed as moot after the parties settled those claims. [Docket Items 73 & 75.]

Defendant Roddy also filed a motion to dismiss for failure to state a claim. [Docket Item 49.] The Court granted Defendant's motion but granted Plaintiff leave to amend his legal malpractice claim. [Docket Items 74 & 76.] Plaintiff timely filed his Second Amended Complaint alleging one count of legal malpractice. [Docket Item 77.] Discovery has now closed and Defendant has filed for summary judgment on the remaining claim against him.

**III. STANDARD OF REVIEW**

6

Federal Rule of Civil Procedure 56(a) generally provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" such that the movant is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A "genuine" dispute of "material" fact exists where a reasonable jury's review of the evidence could result in "a verdict for the non-moving party" or where such fact might otherwise affect the disposition of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts, however, fail to preclude the entry of summary judgment. Id. Conclusory, self-serving submissions cannot alone withstand a motion for summary judgment. Gonzalez v. Sec'y of Dept. of Homeland Sec., 678 F.3d 254, 263 (3d Cir. 2012) (internal citations omitted).

In evaluating a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party, and must provide that party the benefit of all reasonable inferences. Scott v. Harris, 550 U.S. 372, 378 (2007); Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014). However, any such inferences "must flow directly from admissible evidence [,]" because "'an inference based upon [] speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment.'" Halsey, 750 F.3d at 287 (quoting

7

Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n. 12 (3d Cir. 1990); citing Anderson, 477 U.S. at 255).

**IV. DISCUSSION**

    **A. Motion for Summary Judgment**

To recover for legal malpractice, a plaintiff must prove (1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff. McGrogan v. Till, 771 A.2d 1187, 1193 (N.J. 2001); Conklin v. Hannoch Weisman, 678 A.2d 1060, 1070 (N.J. 1996). Defendant contends that summary judgment is proper because Plaintiff cannot prove the latter two elements of his malpractice claim: that that Defendant breached his duty of care, and that any alleged breach caused Plaintiff's damages.[2] The Court finds, to the contrary, that factual disputes exist over whether Defendant's failures rise to the level of a breach of his duty of care and over whether Plaintiff can demonstrate proximate cause.

To fulfill his duties, an attorney must exercise "that degree of reasonable knowledge and skill that lawyers of ordinary ability and skill possess and exercise." Gilles v.

---

[2] The parties do not dispute that an attorney-client relationship existed between Plaintiff and Defendant, giving rise to a duty of care owed by Defendant. (Def. SMF ¶ 4; Pl. SMF ¶ 4.)

8

Wiley, Malehorn & Sirota, 783 A.2d 756, 760 (N.J. Super. Ct. App. Div. 2001) (quoting St. Pius X House of Retreats, Salvatorian Fathers v. Diocese of Camden, 443 A.2d 1052, 1060–61 (N.J. 1982)). An attorney's precise duty of care varies depending on the circumstances of the case, but will generally include steps such as "a careful investigation of the facts of the matter, the formulation of a legal strategy, the filing of appropriate papers, and the maintenance of communication with the client." Ziegelheim v. Apollo, 607 A.2d 1298, 1303 (N.J. 1992). "Although the existence of a duty is a question of law, whether the duty was breached is a question of fact." Jerkins ex rel. Jerkins v. Anderson, 922 A.2d 1279, 1290 (N.J. 2007).

Defendant has failed to meet his burden on summary judgment: factual disputes persist over whether his failure to investigate the authenticity of Melissa Aguilar Cruz's birth certificate was "reasonable" or whether it constitutes a breach of his duty of care. The parties agree that Ms. Cruz's age was integral to the State's case against Plaintiff: disposition of Plaintiff's sexual assault charges under N.J.S.A. 2C:14-2c turned on whether she was "at least 13 but less than 16 years old." (Def. SMF ¶ 5; Pl. SMF ¶ 5.) On the one hand, Defendant investigated Ms. Cruz's age by seeking and obtaining a notarized or certified copy of her birth certificate from Assistant Prosecutor Gravitz. (Def. SMF Ex. 2 & 3.) On the other, that

9

alone may have been deficient in a case like this, according to Plaintiff's expert (see Pl. CSMF Ex. E), where Plaintiff told Defendant that he believed her to be above the age of consent and that "her true age was well-known within the community" (Pl. CSMF ¶ 3), where Defendant did not interview any other potential witnesses to corroborate Ms. Cruz's age (id. ¶ 4), and where Ms. Cruz's name did not match the name on the birth certificate produced by the State, "Melissa Gabriela Aguilar-Guerrero." (Def. SMF Ex. 10.)

Plaintiff's expert witness, Rubin M. Sinnis, Esq., opines that Mr. Roddy failed to take reasonable steps to investigate the authenticity of the foreign document and to ascertain Ms. Cruz's true age. (Pl. CSMF Ex. E, Letter of Rubin M. Sinnis, Aug. 10, 2015.) According to Sinnis, Mr. Roddy should have paid special attention to investigating the alleged victim's age due to its centrality to the defense, the claim by his client that people in the church they attended together knew that Ms. Cruz was over 16 years old, the suspiciousness of the alleged Honduran birth certificate, and the inadmissibility of the unverified foreign document under the New Jersey Rules of Evidence. (Id.) Mr. Roddy does not speak Spanish and is unfamiliar with Honduran birth certificates. (Id.) The document provided to Roddy was a photocopy that was not verified by notary or by certification of a responsive official, as required

10

under N.J.R.E. 902(c), and Roddy never followed up on his demand for a notarized or certified document. He never attempted to interview persons familiar with Ms. Cruz's age, nor did he ask an investigator to do so, nor did he take any steps to question the foreign document. The suspicious signs included the facts that the name Cruz is nowhere mentioned, no second surname is listed for the father (contrary to Hispanic naming conventions), and the information is hand-written rather than typed. (Id.) Under these circumstances, according to Sinnis, given the central importance of this document, a reasonable defense attorney was required to undertake further investigation, and Roddy deviated from this standard of care. In short, giving all reasonable factual inferences to Plaintiff, there is a genuine dispute of material fact regarding Defendant's negligence.

Similarly, Defendant has failed to show that there is no factual dispute over causation. To demonstrate proximate cause, a plaintiff must prove that his attorney's negligence was a "substantial factor" in bringing about his harm. Conklin v. Hannoch Weisman, 678 A.2d 1060, 1072 (N.J. 1996). Defendant argues that Plaintiff cannot show that his failure to secure the 1984 Coombs birth certificate was a substantial factor in Plaintiff's wrongful conviction because, even if Defendant had acquired the 1984 Coombs birth certificate for trial, this would at best only have "created another angle for cross-examination

11

of the victim" at trial and would not have guaranteed that a jury would agree with Plaintiff's theory of her age. Defendant argues that presenting the 1984 Coombs birth certificate would not have conclusively proven Ms. Cruz's age because prosecutors continued to rely on a birth certificate showing Ms. Cruz's birth date as 1987 even when faced with the 1984 Coombs birth certificate at Plaintiff's post-conviction proceedings (Def. SMF. ¶ 22; Def. SMF Ex. 10), because Ms. Cruz testified in a deposition that she was born in 1987 (Def. SMF. ¶ 32; Pl. SMF ¶ 32), because Ms. Cruz testified that she had never seen her birth certificate and could not confirm or deny any of the birth certificates presented in this case (Def. SMF ¶¶ 33-35; Pl. SMF ¶¶ 33-35), and because Ms. Cruz's academic records produced by the Atlantic City Board of Education show her birth date as 1987. (Def. SMF ¶ 37; Def SMF. Ex. 14). Further, defendant argues that the challenged Honduran birth certificate was not the only evidence of Cruz's age, since Ms. Cruz would herself testify that the date of her birth was March 3, 1987, and that Plaintiff knew she was not 16 at the time in question.[3]

---

[3] Defendant Roddy has also argued that Plaintiff's plea of guilty to the lesser charge of Count I was prudent because, in the absence of a guilty plea he could have faced a superseding indictment for enhanced charges of forcible sexual assault based on evidence in the case and the notion that Ms. Cruz may have suffered from a mental impairment that would render her age immaterial to a charge. (Def. Br. at 16-17.) Whether such a

12

Then again, Plaintiff argues that Defendant's negligence in not scrutinizing the 1987 birth certificate produced by the government was a substantial factor in his wrongful conviction because the existence of the 1984 Coombs birth certificate could have ended Plaintiff's criminal case before it even started. The trial court in Plaintiff's post-conviction proceedings called the 1987 birth certificate used by the Prosecutor "facially defective" (Pl. CSMF Ex. D at 57:11) and referred to the 1984 Coombs birth certificate as "clearly exculpatory evidence" and evidence "of such import and significance that if known to the Grand Jury, it would most certainly have led to a No Bill and no doubts frankly that the Prosecutor would even have presented the case to a Grand Jury with this document in his or her possession." (Id. at 58:14-20.) In other words, Plaintiff argues that Defendant's hypothesis, where the 1987 and 1984 birth certificates would have been presented as competing pieces of evidence at a trial, would not exist if Defendant had fulfilled his duty to adequately investigate the legitimacy of the birth certificate produced by Assistant Prosecutor Gravitz. Because of these genuine disputes, the Court cannot resolve the issue of causation as a matter of law. Accordingly, summary judgment will be denied.

---

scenario was likely presents a factual issue that cannot be resolved on summary judgment.

### B. Motion to Seal

Defendant seeks to seal the materials supporting his motion for summary judgment. [Docket Item 98.] Local Civil Rule 5.3(c) generally allows the Court to restrict public access to any privileged or otherwise confidential materials or judicial proceedings upon request by any party. L. Civ. R. 5.3(c)(1). The party seeking to seal documents or to otherwise restrict public access must demonstrate: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. See L. Civ. R. 5.3(c)(2).

Defendant seeks to seal his supporting exhibits to prevent disclosure of Ms. Cruz's identity. Defendant argues that sealing is warranted on the grounds that N.J.S.A. 2A:82-46 prevents disclosure of "any . . . public record which states the name, address and identity of a victim" of sexual assault or abuse, that Ms. Cruz's identity should continue to be protected because no court order has issued allowing disclosure of her name, and that the use of initials or a fictitious name would be inconvenient in this case because her identity is the crux of Defendant's motion and integral to the documents supporting his

14

position. Plaintiff opposes the motion to seal, arguing that the statute is inapplicable because Plaintiff's sexual assault conviction was overturned and therefore Ms. Cruz is not a "victim" within the meaning of the statute.

The Court finds that Defendant has failed to demonstrate under L. Civ. R. 5.3(c) that there is a legitimate private or public interest in sealing this material. Ms. Cruz was not "a victim under the age of 18 at the time of the alleged commission of an offense," N.J.S.A. 2A:82-46, in accordance with the findings of the Superior Court of New Jersey in vacating Plaintiff's conviction. Defendant has offered no other reason to prevent disclosure of her identity. Moreover, Ms. Cruz's name, alleged birth date(s), and Honduran National Identification Number(s) have already been disclosed in the previous opinion on the motion to dismiss. For these reasons, Defendant's motion to seal will be denied.

## V. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's motions to seal and for summary judgment. An accompanying order will be entered.

**May 27, 2016**  /s Jerome B. Simandle
Date                                JEROME B. SIMANDLE
                                    Chief U.S. District Judge